# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Scottsdale Insurance Company

**DEFENDANTS**
The Bar on Cedar LLC, et al.

**(b)** County of Residence of First Listed Plaintiff: **Maricopa**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Hartford**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Goldberg Segalla, 500 Enterprise Drive, Suite 402, Rocky Hill, CT 06067 (860) 760-3300

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [x] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332 and 28 U.S.C. Section 2201

Brief description of cause:
Declaratory Judgment; No obligation to provide coverage

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: Jul 17, 2025

SIGNATURE OF ATTORNEY OF RECORD: /s/ Jonathan A. Beatty (ct298100)

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE BAR ON CEDAR LLC, NICHOLAS GALLICCHIO, SR., KAREN GALLICCHIO, and JENNIFER NOSAL,<br><br>Defendants. | Case No. 3:25-cv-1142<br><br>**COMPLAINT** |

Plaintiff, SCOTTSDALE INSURANCE COMPANY (hereafter "Scottsdale" or "Plaintiff"), by and through its undersigned attorneys, Goldberg Segalla, as and for its Complaint for Declaratory Judgment against THE BAR ON CEDAR LLC ("Bar on Cedar"), NICHOLAS GALLICCHIO, SR. ("Nicholas Gallicchio"), KAREN GALLICCHIO ("Karen Gallicchio") (collectively, hereafter the "Insured Defendants") and JENNIFER NOSAL ("Jennifer Nosal") (collectively, hereafter the "Defendants"), herein respectfully alleges and states the following, upon information and belief:

## PARTIES

1. At all times hereinafter mentioned, Scottsdale was and remains a company that is domiciled in Ohio with a principal place of business in Scottsdale, Arizona.

2. At all times hereinafter mentioned, Defendant, Bar on Cedar, was and still is a limited liability company that is domiciled in and with a principal place of business in Connecticut.

3. At all times hereinafter mentioned, Defendant, Nicholas Gallicchio, was and still is a resident of Newington, Connecticut.

Sensitivity: Company-Internal

4. At all times hereinafter mentioned, Defendant, Karen Gallicchio, was and still is a resident of Newington, Connecticut.

5. At all times hereinafter mentioned, Defendant, Jennifer Nosal, was and still is a resident of Middletown, Connecticut.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. Section 1332 and 28 U.S.C. Section 2201.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) in that certain Defendants reside and a substantial part of the events giving rise to this claim occurred here.

8. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Plaintiff, Scottsdale.

9. Plaintiff has no adequate remedy at law.

## THE ASSAULT AND BATTERY

10. On or about June 5, 2024, Jennifer Nosal filed a complaint against, among others, Bar on Cedar, Nicholas Gallicchio and Karen Gallicchio in the Superior Court of the State of New Connecticut, Judicial District of Hartford, bearing docket no. HHD-CV24-6187450-S, to recover for injuries allegedly sustained by her in front of the restaurant and/or bar known as The Bar on Cedar that is located at 512 Cedar Street, Newington, Connecticut (the "Premises") on or about December 11, 2022 (the "Nosal Action"). A true and correct copy of the Complaint for the Nosal Action is annexed hereto as **Exhibit A**.

11. Specifically, the complaint alleges that Jennifer Nosal was an "off the books" bartender for the Bar on Cedar that was injured when she was punched in the face with a closed

fist by a "heavily intoxicated" patron, Lavar Flanders, outside of the Premises (the "Assault and Battery").

12. As a result of the Assault and Battery, Jennifer Nosal alleges that she was caused to sustain severe and permanent injuries due to the negligence, recklessness, and willful and/or wanton misconduct of Bar on Cedar by, among other things, failing to keep and maintain the Premises in a reasonably safe condition and negligently training their agents, servants and/or employees.

13. Moreover, it is alleged that Karen Gallicchio and Nicholas Gallicchio were vicariously liable for the actions of the Bar on Cedar as it relates to the injuries sustained by Jennifer Nosal that resulted from the Assault and Battery. Jennifer Nosal seeks monetary and punitive damages as well as attorneys' fees and costs for the injuries resulting from the Assault and Battery.

14. Upon information and belief, Defendant, Karen Gallicchio, was an employee of Bar on Cedar on the date of the Assault and Battery.

15. Upon information and belief, Nicholas Gallicchio, was and/or still is a managing member and/or owner of Bar on Cedar.

16. Upon information and belief, Lavar Flanders pled guilty to three (3) counts of assault for the Assault and Battery of Jennifer Nosal. See, Docket No.: H15N-CR23-0342959-S.

## THE WORKERS' COMPENSATION COMMISSION
## CORRECTED FINDINGS AND AWARD

17. The Workers' Compensation Commission of the State of Connecticut (the "Commission") issued a Corrected Finding and Award dated August 21, 2024 with respect to the Assault and Battery (the "Award"). A copy of the Award is annexed hereto as **Exhibit B**.

18. Based on the evidence submitted, the Commission determined, in relevant part, the following pertinent facts:

- It is undisputed that Jennifer Nosal…was employed by [Bar on Cedar] as a "Bar Tender". [Jennifer Nosal] began work for the [Bar on Cedar] in May of 2022;
- [Bar on Cedar] is covered by the Connecticut Worker's Compensation Act…;
- [Jennifer Nosal] was in the course and scope of her employment on December 11, 2022 when she was attacked by a patron, causing her multiple serious and complex injuries…;
- Parties agree that [Jennifer Nosal] sustained compensable injuries;
- [Jennifer Nosal] earned an average weekly wage from the [Bar on Cedar] of $325; and
- It is without dispute that on December 11, 2022, the [Bar on Cedar] did not insure its workers compensation liability with a worker's compensation insurer…

Id. at 2-4.

19. After review of the evidence submitted and upon a hearing held on May 2, 2024, the Commission awarded, adjudged, ordered and decreed that:

- …[Jennifer Nosal] was employed by [Bar on Cedar] and subject to the provisions of Chapter 568 of the Connecticut General Statutes;
- …[Jennifer Nosal] sustained compensable injuries while employed by the [Bar on Cedar] on December 11, 2022;
- …[Jennifer Nosal] continues to need medical care in her efforts to recover; and
- …the [Bar on Cedar] did not have worker's compensation insurance on [December 11, 2022].

**THEREFORE**, the [Bar on Cedar] is hereby ordered to pay for [Jennifer Nosal's] medical treatment to date related to the December 11, 2022 [Assault and Battery] and to pay for any ongoing medical treatment needed. The [Bar on Cedar] is ordered to pay for [Jennifer Nosal's] indemnity benefits related to the December 11, 2022 [Assault and Battery]. This is to include any permanent partial disability awards due or pending.

***

Id. at 4.

## THE SOTTSDALE POLICY

20. Scottsdale issued policy no. CPS750440 to Bar on Cedar that was in effect for the period from January 12, 2022 to January 12, 2023 (the "Scottsdale Policy"). A copy of the Scottsdale Policy is attached hereto as **Exhibit C**.

21. The Commercial General Liability Coverage Form (CG 00 01 04 13) within the Scottsdale Policy reads, in relevant part, as follows:

\*\*\*

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** – Definitions.

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
1. **Insuring Agreement**
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

\*\*\*

   c. **Liquor Liability**
      "Bodily injury" or "property damage" for which any insured may be held liable by reason of:
      **(1)** Causing or contributing to the intoxication of any person;

5

      **(2)** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

      **(3)** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

    This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in:

      **(a)** The supervision, hiring, employment, training or monitoring of others by that insured; or

      **(b)** Providing or failing to provide transportation with respect to any person that may be under the influence of alcohol;

    if the "occurrence" which caused the "bodily injury" or "property damage", involved that which is described in Paragraph **(1), (2)** or **(3)** above.

    However, this exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages. For the purposes of this exclusion, permitting a person to bring alcoholic beverages on your premises, for consumption on your premises, whether or not a fee is charged or a license is required for such activity, is not by itself considered the business of selling, serving or furnishing alcoholic beverages.

  **d. Workers' Compensation And Similar Laws**

    Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

***

**SUPPLEMENTARY PAYMENTS – COVERAGES A AND B**

1. We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

***

  **e.** All court costs taxed against the insured in the "suit". However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.

***

**SECTION V – DEFINITIONS**

***

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

***

> 5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".
>
> \*\*\*
>
> 13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> \*\*\*
>
> 18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:
>     a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or
>     b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.
>
> \*\*\*

*See* **Exhibit C**, *infra*.

22. Moreover, the Scottsdale Policy includes an endorsement entitled "Assault and/or Battery Limited Liability Coverage (Limited to Designated Premises)" (GLS-285s (04-18)) (the "Assault and/or Battery Endorsement"), which reads, as follows:

> \*\*\*
>
> This endorsement modifies insurance provided under the following:
> **COMMERCIAL GENERAL LIABILITY COVERAGE PART**
> **ERRORS AND OMISSIONS COVERAGE PART**
> **LIQUOR LIABILITY COVERAGE PART**
>
> **SCHEDULE**
>
> | **Designated Premises:** |
> |---|
> | 1 - 512 CEDAR ST, NEWINGTON, CT 06111 |
>
> (If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)
>
> Throughout this endorsement, the words "you" and "your" refer to the Named Insured shown in the Decla-rations, and any other person or organization qualifying as a Named Insured under this policy. The words "we," "us," and "our" refer to the company providing this insurance.

7

The word "insured" means any person or organization qualifying as such under item **3. WHO IS AN INSURED** of this endorsement.

Except as provided by this endorsement, this policy does not apply to "injury," "bodily injury," "property damage," "damages" or "personal and advertising injury" arising from:

1. Assault and/or Battery that occurs at any premises other than the designated premises shown in the Schedule above; or
2. Assault and/or Battery that occurs away from the designated premises caused by supervision, hiring, training, organizing, or any other activities conducted on or from the designated premises shown in the Schedule above.
3. Assault and/or Battery committed by:
   **a.** Any insured;
   **b.** Any employee/"employee" of any insured; or
   **c.** Any other person.
4. The failure to suppress or prevent Assault and/or Battery by any person in **3.a.-c.** above;
5. The selling, serving or furnishing of alcoholic beverages which results in an Assault and/or Battery; or
6. The negligent:
   **a.** Employment;
   **b.** Investigation;
   **c.** Supervision;
   **d.** Hiring;
   **e.** Training;
   **f.** Monitoring;
   **g.** Reporting to the proper authorities, or failure to so report; or
   **h.** Retention;
   of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraphs **3.** and **4.** above.

We will have no duty to defend any "suit" against you seeking "damages" as a consequence of any such injury unless coverage is provided by this endorsement.

The coverage provided is described below:

**INSURING AGREEMENTS**

For the premium shown below, we agree to afford coverage with respect to Assault and/or Battery Liability only as indicated on this endorsement and subject to the provisions as set forth in this endorsement at liability limits of $25,000 Each Event and $50,000 Aggregate unless otherwise stated below:

8

| LIMITS OF LIABILITY | COVERAGE |
|---|---|
| $ 25,000 Each Event<br>$ 50,000 Aggregate | Assault and/or Battery Liability |
| $_____ TOTAL PREMIUM | |

1. **COVERAGES – ASSAULT AND/OR BATTERY LIABILITY**
   We will pay on your behalf all sums which you shall become legally obligated to pay as damages be-cause of "injury," "bodily injury," "property damage," "damages" or "personal and advertising injury" to any person arising out of Assault and/or Battery only if the "injury," "bodily injury," "property damage," "damages" or "personal and advertising injury";
   a. Takes place at the designated premises; and
   b. Occurs during the policy period.

   We will have the right and duty to defend any suit against you seeking such "damages," even if any of the allegations of the suit are groundless, false or fraudulent and may make such investigation and such settlement of any claim or suit as we deem expedient, but we shall not be obligated to pay any claim or judgment or to defend any suit after the applicable Limit of Liability shown in this endorsement has been exhausted. However, we will have no duty to defend the insured against any suit seeking "damages" to which this insurance does not apply.

2. **EXCLUSIONS**
   This endorsement does not apply to:
   a. Liability of others assumed by you under any contract or agreement, either oral or in writing, unless specifically endorsed hereon;
   b. Assault and/or Battery to:
      (1) Any of your "employees" arising out of and in the course of:
         (a) Employment by you;
         (b) Performing duties related to the conduct of your business; or
      (2) The spouse, child, parent, brother or sister of that "employee" as a consequence of **(1)** above. This exclusion applies:
         (1) Whether the insured may be liable as an employer or in any other capacity; and
         (2) To any obligation to share damages with or repay someone else who must pay damages be-cause of the injury;
   c. Any loss or claim either directly or indirectly arising from your activities as an officer or director of any corporation, company or business other than that of the Named Insured;
   d. Any claim for punitive or exemplary damages; or

9

> e. Any claims covered by a Sexual And/Or Physical Abuse Liability Coverage Form, or any other coverages included in this policy.
>
> \*\*\*
>
> **4. LIMITS OF LIABILITY**
> Regardless of the number of insureds under this policy, our liability is limited as follows:
>
> The Limit of Liability stated in this endorsement as applicable to each "Event" is the most we will pay for all damages arising out of "injury," "bodily injury," "property damage," "personal and advertising injury" or "errors or omissions" because of assault and/or battery, regardless of the number of insureds, persons injured, claims made or suits brought or persons or organizations making claims or bringing suits. The Limit of Liability stated above as Aggregate, subject to the above provision regarding each Event, is the total limit of our liability under this coverage for all "damages" in any policy period.
>
> **5. DEFINITIONS**
>
> "Bodily Injury" means bodily injury, sickness or disease sustained by a person, including death, resulting from any of these at any time.
>
> "Damages" means a monetary judgment, award, or settlement, including damages for death, which are payable because of injury to which this insurance applies. However, damages do not include criminal restitution.
>
> "Damages" shall not include:
> a. Amounts paid to you as fees or expenses for services performed which are to be reimbursed or discharged as a part of the judgment or settlement; or
> b. Judgments or awards arising from acts deemed uninsurable by law.
>
> "Injury" means damages because of "bodily injury" and "property damage," including damages for care, loss of services or loss of support.
>
> "Event" means an act or series of acts based on or arising out of the same assault and/or battery.
>
> \*\*\*

Id.

23. The Scottsdale Policy also includes an endorsement entitled "Injury to Employee and Worker Exclusion" (GLS-328s (11-20)) (the "Injury to Workers Exclusion"), which reads, as follows:

> This endorsement modifies insurance provided under the following:
> **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
>
> **A.** With respect to this endorsement **SECTION I-COVERAGES, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY,** paragraph **2. Exclusions,** subparagraph **e. Employer's Liability** is deleted in its entirety and replaced by:
> **e. Employer's Liability**
> "Bodily injury" to:
> **(1)** An "employee" of the insured arising out of and in the course of:
> **(a)** Employment by the insured; or
> **(b)** Performing duties related to the conduct of the insured's business; or
> **(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Para-graph **(1)** above.
> This exclusion applies:
> **i.** Whether the insured may be liable as an employer or in any other capacity; and
> **ii.** To any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
> **B.** The following is added to **SECTION I-COVERAGES, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY,** paragraph **2. Exclusions** and **SECTION I-COVERAGES, COVERAGE B-PERSONAL AND ADVERTISING INJURY LIABILITY,** paragraph **2. Exclusions:**
>
> This insurance does not apply to:
>
> **1.** "Bodily injury" or "personal and advertising injury" to:
> **a.** An "employee," "leased worker," "temporary worker" or "volunteer worker" of any insured;
> **b.** Any contractor, subcontractor, sub-subcontractor or anyone hired or retained by or for any insured; or
> **c.** Any employee or anyone directly or indirectly employed by such contractor, subcontractor or sub-subcontractor or anyone for whose acts such contractor, subcontractor or sub-subcontractor may be liable if such "bodily injury" or "personal and advertising injury" arises out of and in the course of their employment or retention of such contractor, subcontractor or

11

sub-subcontractor, regardless of whether it is caused in part by you; or

2. Any obligation of any insured to defend, indemnify or contribute with another because of "bodily injury" or "personal and advertising injury" to:
   a. An "employee," "leased worker," "temporary worker" or "volunteer worker" of any insured;
   b. Any contractor, subcontractor, sub-subcon-tractor or anyone hired or retained by or for any insured; or
   c. An employee of any contractor, subcontractor or sub-subcontractor; or

3. "Bodily injury" or "personal and advertising injury" to the spouse, child, parent, brother or sister of that employee of any contractor, subcontractor or sub-subcontractor, or that contractor, subcon-tractor or sub-subcontractor, or that "employee," "leased worker," "temporary worker" or "volunteer worker" of any insured as a consequence of items **1.** or **2.** above.

This applies to all claims, offenses and "suits" by any person or organization for damages, indemnity and/or any obligation to share damages with or repay someone else who must pay damages because of the injury.

C. The following exclusion is added to **SECTION I-COVERAGES, COVERAGE A-BODILY INJURY AND PROPERTY DAMAGE LIABILITY,** paragraph **2. Exclusions:**

"Bodily injury" to:
1. Any "worker"; or
2. The spouse, child, parent, brother or sister of that "worker." This exclusion applies:
   a. Whether the insured may be liable as an employer or in any other capacity; and
   b. To any obligation to share damages with or repay someone else who must pay damages because of the injury.

D. For purposes of this endorsement only, the following is added to **SECTION V-DEFINITIONS:**

"Worker" means any person performing duties directly or indirectly related to the conduct of any business, regardless of the person or organization responsible for hiring, retaining, employing, furnishing or directing the worker.

Sensitivity: Company-Internal    IMANAGE\14002\1520\52236983.v1-7/14/25

Id.

24. The Scottsdale Policy further includes an endorsement entitled "Punitive or Exemplary Damage Exclusion" (UTS-74g (8-95)) (the "Punitive Damages Endorsement"), which reads, as follows:

\*\*\*

> In consideration of the premium charged, it is agreed that this policy does not apply to a claim of or indemnification for punitive or exemplary damages.
>
> Punitive or exemplary damages also include any damages awarded pursuant to statute in the form of double, treble or other multiple damages in excess of compensatory damages.
>
> If suit is brought against any insured for a claim falling within coverage provided under the policy, seeking both compensatory and punitive or exemplary damages, then the Company will afford a defense to such action; however, the Company will have no obligation to pay for any costs, interest or damages attributable to punitive or exemplary damages.

\*\*\*

Id.

### SCOTTSDALE'S RESERVATION OF RIGHTS AND DISCLAIMER OF COVERAGE TO THE INSURED DEFENDANTS

25. By correspondence dated July 18, 2024, Scottsdale agreed to defend the Insured Defendants with respect to the Nosal Action subject to a full reservation of rights to deny coverage to the extent that the claims by Jennifer Nosal in the Nosal Action fell within the exclusions and/or otherwise fell outside the scope of the Scottsdale Policy (the "July 2024 Defense Letter"). A copy of the July 2024 Defense Letter is annexed hereto as **Exhibit D**.

26. The July 2024 Defense Letter advised that Scottsdale would retain counsel to defend the Insured Defendants with respect to the Nosal Action subject to a reservation of right that Scottsdale may seek a determination that no coverage is owed under the Scottsdale Policy and that it may withdraw the defense being afforded to, and seek reimbursement for the defense costs

13

and fees incurred by the Insured Defendants relating to those claims in the Nosal Action that are not covered under the Scottsdale Policy. *See* **Exhibit D**, *infra.*

27. In accordance with its obligations under the Scottsdale Policy, Scottsdale has defended the Insured Defendants since the inception of the Nosal Action.

28. By correspondence dated June 16, 2025, Scottsdale disclaimed any obligation to indemnify the Insured Defendants with respect to the Nosal Action and the Award as the claims asserted by Jennifer Nosal fall within the various exclusions of and/or otherwise fall outside the scope of the Scottsdale Policy (the "June 2025 Disclaimer"). A copy of the June 2025 Disclaimer is annexed hereto as **Exhibit E**.

29. The June 2025 Disclaimer further apprised the Insured Defendants of Scottsdale's right to seek a judicial declaration to enforce its right to withdraw the defense currently being afforded in the Nosal Action and seek reimbursement of all defense costs and expenses incurred by the Insured Defendants relating to those claims in the Nosal Action that are not covered under the Scottsdale Policy. *See* **Exhibit E**, *infra.*

**FIRST CAUSE OF ACTION – AGAINST THE INSURED DEFENDANTS**
**(Declaratory Judgment – The Assault and/or Battery Endorsement)**

30. Scottsdale repeats and reiterates each and every allegation contained in paragraphs "1" through "29" as though more fully set forth herein.

31. The Assault and/or Battery Endorsement within the Scottsdale Policy excludes coverage for Assault and/or Battery to an "employee" of Bar on Cedar that arises out of and in the course of (a) Bar on Cedar's employment or (b) while performing duties related to the conduct of the Bar on Cedar's business.

32. The complaint in the Nosal Action alleges that Jennifer Nosal was "…working as an 'off the books' bartender…" and the Award of the Commission determined that Jennifer Nosal

14

was employed by and was injured during the course and scope of her employment with Bar on Cedar when the Assault and Battery occurred.

33. The Assault and/or Battery Endorsement within the Scottsdale Policy excludes coverage to the Insured Defendants with respect to the claims asserted in the Nosal Action and the Award.

34. Scottsdale is entitled to a declaration that it does not owe defense or indemnification to the Insured Defendants as the claims asserted in Nosal Action and the Award are excluded under the Scottsdale Policy.

35. Scottsdale is not obligated to defend the Insured Defendants in the Nosal Action.

36. Scottsdale is entitled to withdraw the defense being afforded to Insured Defendants in the Nosal Action.

37. Scottsdale has not obligation to indemnify and/or pay for any judgment entered against the Insured Defendants in the Nosal Action or for the Award.

38. Scottsdale has no adequate remedy at law.

**SECOND CAUSE OF ACTION – AGAINST THE INSURED DEFENDANTS**
**(Declaratory Judgment – The Injury to Workers Exclusion)**

39. Scottsdale repeats and reiterates each and every allegation contained in paragraphs "1" through "38" as though more fully set forth herein.

40. The Injury to Worker Exclusion within the Scottsdale Policy excludes coverage for injuries to an "employee" of the Bar on Cedar arising out of and in the course of (1) employment by Bar on Cedar or (2) performing duties related to the conduct of the Bar on Cedar's business.

41. The Injury to Worker Exclusion also bars coverage of "bodily injury" to an "employee" of any insured or to anyone hired or retained by or for any insured, if such "bodily injury" arises out of and in the course of their employment or retention.

Sensitivity: Company-Internal
IMANAGE\14002\1520\52236983.v1-7/14/25

42. In addition, the Injury to Worker Exclusion bars coverage for "bodily injury" to any "worker", and the term "worker" is defined to mean any person performing duties directly or indirectly related to the conduct of any business.

43. The complaint in the Nosal Action alleges that Jennifer Nosal was "…working as an 'off the books' bartender…" and the Award of the Commission determined that Jennifer Nosal was employed by and was injured during the course and scope of her employment with Bar on Cedar when the Assault and Battery occurred.

44. The Injury to Worker Exclusion within Scottsdale Policy excludes coverage to the Insured Defendants with respect to the claims asserted in the Nosal Action and the Award.

45. Scottsdale is entitled to a declaration that it does not owe defense or indemnification to the Insured Defendants as the claims asserted in Nosal Action and the Award are excluded under the Scottsdale Policy.

46. Scottsdale is not obligated to defend the Insured Defendants in the Nosal Action.

47. Scottsdale is entitled to withdraw the defense being afforded to Insured Defendants in the Nosal Action.

48. Scottsdale has not obligation to indemnify and/or pay for any judgment entered against the Insured Defendants in the Nosal Action or for the Award.

49. Scottsdale has no adequate remedy at law.

### THIRD CAUSE OF ACTION – AGAINST THE INSURED DEFENDANTS
### (Declaratory Judgment – Liquor Liability Exclusion)

50. Scottsdale repeats and reiterates each and every allegation contained in paragraphs "1" through "49" as though more fully set forth herein.

51. The "Liquor Liability" exclusion within the Scottsdale Policy excludes coverage for injuries for which any insured may be held liable by reason of (1) causing or contributing to

Sensitivity: Company-Internal
IMANAGE\14002\1520\52236983.v1-7/14/25

the intoxication of any person; (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

52. The complaint in the Nosal Action alleges that Jennifer Nosal was injured as a result of the Assault and Battery by a "heavily intoxicated" patron of the Bar on Cedar.

53. The "Liquor Liability" exclusion within the Scottsdale Policy excludes coverage to the Insured Defendants with respect to the claims asserted in the Nosal Action and for the Award.

54. Scottsdale is entitled to a declaration that it does not owe defense or indemnification to the Insured Defendants as the claims asserted in Nosal Action or the Award are excluded under the Scottsdale Policy.

55. Scottsdale is not obligated to defend the Insured Defendants in the Nosal Action.

56. Scottsdale is entitled to withdraw the defense being afforded to Insured Defendants in the Nosal Action.

57. Scottsdale has not obligation to indemnify and/or pay for any judgment entered against the Insured Defendants in the Nosal Action or for the Award.

58. Scottsdale has no adequate remedy at law.

**FOURTH CAUSE OF ACTION – AGAINST THE INSURED DEFENDANTS**
**(Declaratory Judgment – Workers Compensation Exclusion)**

59. Scottsdale repeats and reiterates each and every allegation contained in paragraphs "1" through "58" as though more fully set forth herein.

60. The "Workers' Compensation and Similar Laws" exclusion within the Scottsdale Policy excludes coverage for "any obligation of the [Bar on Cedar] under a workers' compensation, disability benefits or unemployment compensation law or any similar law."

Sensitivity: Company-Internal    IMANAGE\14002\1520\52236983.v1-7/14/25

61. The Award of the Commission determined that "[Bar on Cedar] is covered by the Connecticut Worker's Compensation Act…", "…[Jennifer Nosal] was employed by [Bar on Cedar] and subject to the provisions of Chapter 568 of the Connecticut General Statutes" and "…[Jennifer Nosal] sustained compensable injuries while employed by the [Bar on Cedar] on December 11, 2022."

62. The Workers' Compensation and Similar Laws" exclusion within the Scottsdale Policy excludes coverage to the Insured Defendants with respect to the claims asserted in the Nosal Action and Award.

63. Scottsdale is entitled to a declaration that it does not owe defense or indemnification to the Insured Defendants for the Award as the Award is excluded under the Scottsdale Policy.

64. Scottsdale has no adequate remedy at law.

**SEVENTH CAUSE OF ACTION – AGAINST THE INSURED DEFENDANTS**
**(Declaratory Judgment – Punitive Damages)**

65. Scottsdale repeats and reiterates each and every allegation contained in paragraphs "1" through "64" as though more fully set forth herein.

66. The Assault and/or Battery Endorsement and the Punitive Damages Endorsement within the Scottsdale Policy exclude coverage for any claims seeking punitive damages.

67. The complaint in the Nosal Action specifically seeks punitive damages for the Assault and Battery.

68. The Assault and/or Battery Endorsement and the Punitive Damages Endorsement within the Scottsdale Policy exclude coverage to the Insured Defendants with respect to punitive damages sought in the Nosal Action.

69. Scottsdale is entitled to a declaration that it does not owe indemnification to the Insured Defendants with respect to any punitive damages awarded with respect to the claims asserted in Nosal Action.

70. Scottsdale has no obligation to indemnify and/or pay for any judgment of punitive damages entered against the Insured Defendants in the Nosal Action.

71. Scottsdale has no adequate remedy at law.

**WHEREFORE**, Plaintiff Scottsdale, respectfully requests and demands that this honorable Court enter a judgment declaring the rights and other legal relations of the parties hereto with respect to the matters set forth in this Complaint and a declaratory judgment specifying the following:

a. The Scottsdale Policy does not afford coverage to the Insured Defendants with respect to the claims asserted in the Nosal Action or for the Award;
b. Scottsdale has no duty to defend and/or indemnify the Insured Defendants with respect to the claims asserted in the Nosal Action or for the Award;
c. Scottsdale is authorized to withdraw the defense being afforded to the Insured Defendants in the Nosal Action;
d. Scottsdale shall be awarded costs and reasonable attorneys' fees in connection with the instant action; and
e. Scottsdale is awarded such other and further relief as the Court deems just and proper.

Dated:   Rocky Hill, Connecticut
         July 17, 2025

                                        GOLBERG SEGALLA

                                         /s/ Jonathan A. Beatty
                                        Jonathan A. Beatty, Esq. (ct298100)
                                        *Attorneys for Plaintiff*
                                        500 Enterprise Drive
                                        Suite 402
                                        Rocky Hill, Connecticut 06067
                                        Tel: 860-760-3320
                                        Fax: 860-760-3301
                                        Email: jbeatty@goldbergsegalla.com

Sensitivity: Company-Internal   IMANAGE\14002\1520\52236983.v1-7/14/25